*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re COTIE/LANZA, Minors.

UNPUBLISHED
August 27, 2020

No. 351815
Livingston Circuit Court
Family Division
LC No. 17-015671-NA

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his three minor children in this case pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care and custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to the parent). We affirm.

## I. FACTS

Respondent is the father of three children involved in this case, RC, FL, and FC. In December 2017, when the children were ages five years, three years, and 18 months old, the children were removed from their mother's home because of allegations of neglect and abuse. Specifically, petitioner Department of Health and Human Services (DHHS) alleged that the children were not receiving proper medical and dental care, the condition of the home was not suitable for children, and the children were not attending school. The mother had been provided intervention services to alleviate the neglect of the children, but conditions in the home had not been alleviated. The petition also alleged that respondent had failed to provide for the children financially and had failed to maintain a relationship with the children.

At the adjudication hearing before the trial court, respondent admitted the allegations of the petition, specifically admitting that he had failed to provide the children with proper food, clothing, housing, and medical care, and that as a result of his neglect the children had suffered repeated illness, lice, and chronic medical conditions. He also admitted that as a result of his neglect the children did not regularly attend school, and that he had allowed the possession and use of illegal narcotics in the environment where the children lived. Respondent also admitted that he had not maintained a relationship with the children; at the time the children were removed from the mother's home, respondent had not seen the older two children for two years, and had never

-1-

seen the youngest child. Based upon respondent's admissions, the trial court assumed jurisdiction of the children.

The trial court ordered respondent to engage in services including a substance abuse assessment, psychological evaluation, parenting classes, random drug and alcohol testing, and supervised visits with the children. Respondent and the agency entered into a parent agency treatment plan to provide these services with the goal of placing the children in respondent's care. The treatment plan required respondent to participate in a psychological assessment, substance abuse assessment, drug testing, parenting classes, to obtain and maintain sufficient employment and housing, to provide petitioner with documentation of employment and housing, and to visit with the children.

For the next approximately one and a half years, respondent failed to engage in most of the services offered to assist him in completing the parent agency treatment plan. Although respondent participated in a substance abuse assessment, he did not follow the recommendations for treatment and counseling. After testing positive for methamphetamine on several drug screens, he refused to participate in further drug testing, missing over 30 drug screens. At the termination hearing, respondent testified that he does not have a substance abuse problem and does not need counseling or substance abuse treatment.

At the termination hearing, respondent testified that he is employed, but he failed to provide documentation of his employment to the foster care caseworker. With regard to housing, he testified that he lives in a three-room mobile home with his ex-wife and their two children, and also a third child who is the son of his ex-wife. He testified that if the three children in this case were placed in his care, he would look for a larger house that could accommodate them.

With regard to maintaining a relationship with the children, respondent testified that previously he had lived with the two older children in this case and their mother, but that after she moved out with the children in August 2015, he did not see the older two children again until they were removed from their mother's care in December 2017. He further testified that the third child was born after the children's mother moved out, and he had not seen the child until after the child protective action was initiated. He admitted that he did not support the children financially after they moved out in August 2015, and has never provided them with medical or dental care. After the parent agency treatment plan was put in place, respondent visited only sporadically with the children, missing more than half of the visits offered.

At the conclusion of the termination hearing, the trial court found that petitioner made reasonable efforts to reunify respondent with his children, that respondent had not complied with the services offered, that the statutory grounds for termination had been established, and that termination was in the children's best interests. Respondent now appeals.

## II. DISCUSSION

### A. STATUTORY BASIS FOR TERMINATION

Respondent contends that the trial court erred by finding that petitioner demonstrated a statutory basis to terminate his parental rights. We disagree.

To terminate parental rights, the trial court must find that at least one basis for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). Although termination may be warranted under more than one statutory section, only one statutory basis must be demonstrated by clear and convincing evidence to terminate a parent's parental rights. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). We review for clear error the trial court's decision that at least one statutory basis to terminate parental rights has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App at 85. The trial court's decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). A trial court's finding is not clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App at 33.

In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j), which provide for the termination of parental rights as follows:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> * * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Termination under MCL 712A.19b(3)(c)(*i*) is warranted when "the totality of the evidence amply supports" that the parent has not accomplished "any meaningful change in the conditions" that led the trial court to assume jurisdiction of the child, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), and when there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the age of the child. MCL 712A.19b(3)(c)(i).

We conclude that in this case the trial court did not clearly err by determining that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*). The conditions that led to adjudication were respondent's failure to provide the children with proper food, clothing, housing, and medical care, failure to ensure that the children attended school, failure to protect the children from an environment of illegal drug use,

and failure to maintain a relationship with the children. After more than a year and half of services, respondent failed to accomplish any meaningful change in the conditions that led the trial court to assume jurisdiction. Although offered numerous visits with the children, respondent declined to participate in most visits. Respondent testified that he was employed, but did not provide proof of employment. Although he had housing, he testified that five people were already residing there, and that he would need to find larger housing to accommodate the additional three children. He had failed to address his substance use, refusing to participate in testing, counseling, or treatment. Although he attended parenting classes, he did not demonstrate any improvement in his parenting skills nor insight into his parenting obligations. Accordingly, the trial court did not clearly err in finding that clear and convincing evidence demonstrated that the conditions that led to adjudication continued to exist and there was no reasonable likelihood that they would be rectified within a reasonable time considering the ages of the children.

Termination was also warranted under MCL 712A.19b(3)(g) and (j). A parent's failure to participate in and benefit from a parent agency treatment plan is evidence that the parent will not be able to provide the child with proper care and custody, and is also evidence that the child will be harmed if returned to the parent's home. *In re Smith*, 324 Mich App 28, 49; 919 NW2d 427 (2018). As the trial court observed, in this case substance abuse remained a significant barrier to placing the children with respondent because he failed to comply with substance abuse treatment and testing. Respondent participated in drug assessment and psychological assessment, but did not participate in drug testing, nor did he follow the recommendations for treatment and counseling, testifying that he does not need those services. Respondent participated in parenting classes, but failed to visit with his children and denied any responsibility for his past neglect. Because respondent did not comply with the treatment plan, and because respondent failed to gain any insight into his neglect of the children, the trial court did not clearly err by terminating his parental rights under these statutory sections.

Respondent also contends that petitioner failed to make reasonable efforts to reunify him with the children, thereby invalidating any finding of grounds for termination. Again, we disagree. Except in cases of aggravated circumstances under MCL 712A.19a(2), the DHHS must make reasonable efforts to reunify the child with his parents before a court may order termination of parental rights. *In re Hicks*, 500 Mich 79, 85; 893 NW2d 637 (2017). As part of these efforts, the DHHS is obligated to create a service plan outlining the steps that both the agency and the parent will take to address the issues that caused the court's involvement. *Id*. The respondent parent must then cooperate with and participate in the services, and also benefit from them. *In re TK*, 306 Mich App 698, 711; 859 NW2d 208 (2011). As discussed, respondent in this case was offered a wide array of services; respondent's failure to participate in and benefit from those services, not a failure to provide the services, resulted in termination of his parental rights.

## B. BEST INTERESTS

Respondent also contends that the trial court clearly erred in finding that a preponderance of the evidence demonstrates that termination is in the children's best interests. We disagree.

When a statutory ground for termination has been demonstrated, the trial court must find by a preponderance of the evidence that termination is in the best interests of the child before terminating parental rights. MCL 712A.19b(5); *In re Gonzales/Martinez*, 310 Mich App 426, 434;

871 NW2d 868 (2015). If the trial court finds that a preponderance of the evidence establishes that termination is in the best interests of the child, the trial court must terminate the parent's parental rights. MCL 712A.19b(5). This Court reviews for clear error the trial court's decision regarding a child's best interests. *In re Medina*, 317 Mich App 219, 226; 894 NW2d 653 (2016).

When determining whether termination of parental rights is in a child's best interests, the trial court is obligated to weigh all available evidence. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court should consider a variety of factors, including the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of a foster home over the parent's home, the parent's compliance with the case service plan, the parent's visitation history with the child, the child's well-being in the foster home, and the possibility of adoption. *Id*. At this stage, the interest of the child in a stable home is superior to the interests of the parent. *In re Medina*, 317 Mich App at 237.

In this case, we conclude that the trial court did not clearly err in finding that a preponderance of the evidence demonstrated that termination of respondent's parental rights was in the children's best interests. The trial court considered the evidence that there was a bond between the children and respondent, but also considered that respondent lacked parenting ability, and that the children were in desperate need of permanence, stability, and finality. Respondent admitted the allegations of the petition that he had neglected the children, yet at the termination hearing testified that he had never neglected the children and was not responsible for anything that occurred while the children were in their mother's care. The trial court accurately observed that this raised a significant red flag regarding the safety of the children if placed in respondent's care.

Respondent's failure to take responsibility for the well-being of his children and to participate in services to regain their custody established that termination of his parental rights is in the best interests of the children. The trial court also considered that all three children were placed together in a foster home that provided for the children's needs, the children were doing well there, and the foster parents were willing to adopt the children and facilitate their continued contact with their other siblings. We conclude that the trial court did not clearly err in concluding that a preponderance of the evidence demonstrates that termination of respondent's parental rights is in the children's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens